# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PAMELA CLARK, | ) |
| Plaintiff, | ) |
| | ) No.   3:10-cv-374 |
| vs. | ) |
| | ) |
| C & W ASSET ACQUISITION, L.L.C., PATRICIA SPENCER and TERRY WALRATH, | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, PAMELA CLARK, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendants, C & W ASSET ACQUISITION, L.L.C., PATRICIA SPENCER and TERRY WALRATH Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Greenville, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be a company and its attorneys who were collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant, C & W ASSET ACQUISITION, L.L.C. (hereinafter "C&W"), is a limited liability company of the State of Ohio which has its principal place of business in Newton Falls, Ohio.

7. On information and belief, Defendant, PATRICIA SPENCER (hereinafter "Spencer"), is an individual who is licensed to practice law in Ohio and who maintains a law practice with a principal place of business in Newton Falls, Ohio.

8. On information and belief, Defendant, TERRY WALRATH (hereinafter "Walrath"), is an individual who is licensed to practice law in Ohio and who maintains a law practice with a principal place of business in Newton Falls, Ohio.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

9. On or about February 13, 2007, Defendant Walrath acting in his capacity as the attorney and/or agent of C&W Asset, filed a Complaint against Plaintiff (who was formerly known as Pamela Shriver) in the Darke County Municipal Court, in an attempt to collect the aforementioned alleged debt.

10. The first attempt to serve Plaintiff Clark was made by certified mail and was returned marked as "other."

11. The Complaint was then allegedly served upon Plaintiff by ordinary mail on or about March 20, 2007 at 6945 State Route 722, Arcanum, Ohio 45304.

12. On or about December 31, 2007, Defendant Walrath filed a Motion for Default Judgment against Plaintiff Clark and it was granted that same day, with judgment being entered in favor of Defendant C&W and against Plaintiff in the amount of $5,089.74 plus interest.

13. On or about October 5, 2009, Spencer, acting in her capacity as the attorney and/or agent of C&W, filed a Notice of Court Proceeding to Collect Debt in the Darke County Municipal Court in a further attempt to collect the aforementioned alleged debt.

14. Moreover, Defendant Spencer inexplicably directed service of the aforementioned Notice of Court Proceeding to Collect Debt upon Plaintiff at 336 South Main Street, New Madison, Ohio 45346, an address at which Plaintiff had not resided at for several years prior to residing at the Arcanum address.

15. On or about October 20, 2009, Defendant Spencer filed an Order and Notice of Garnishment and Answer of Employer and directed service thereof to Plaintiff's employer.

16. Thereafter, Plaintiff's employer began garnishing her wages in accordance with the Notice of Garnishment.

17. It was only at this time that Plaintiff first became aware of the Darke County Municipal Court lawsuit and the ensuing related court proceedings dating back more than two years.

18. All of the actions of Walrath and Spencer as described above were undertaken as the attorneys and authorized agents of C&W.

19. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    b. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer damages which include, but are not limited to personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PAMELA CLARK, respectfully prays for a judgment against Defendants as follows:

    a. All actual damages suffered;

    b. Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

21. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

22. Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

23. Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

24. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendants herein.

25. Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

26. Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

28. As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, PAMELA CLARK, respectfully prays for a judgment against Defendants as follows:

        a.      All actual damages suffered;

        b.      Statutory damages of $200.00 from each Defendant for each violation of the OCSPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122-5452
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com